# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRYANT SEMENZA,

       Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

       Agency.

DOCKET NUMBER
PH-0845-18-0448-C-1

DATE: June 27, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Andrew J. Race</u>, Esquire, Lebanon, Pennsylvania, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the settlement agreement resolving his underlying overpayment appeal. For the reasons discussed below, we GRANT the petition for review, REVERSE the compliance initial decision as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to the determination that the Office of Personnel Management (OPM) did not breach the provision concerning reinstatement of the appellant's annuity supplement, and ORDER OPM to file evidence of compliance within 45 days.

## BACKGROUND

The appellant retired under the Federal Employees' Retirement System (FERS) in August 2014, at 56 years of age. *Semenza v. Office of Personnel Management*, MSPB Docket No. PH-0845-18-0448-I-1, Initial Appeal File (IAF), Tab 5 at 6, 34, 46. That same month, he became eligible for a FERS annuity supplement. *Id.* at 6. OPM subsequently determined that he had exceeded the FERS supplement minimum level of earnings for calendar year 2015. *Id.* at 6, 18. In August 2018, OPM issued a final decision, concluding that because he exceeded the minimum level of earnings, his supplement benefit payments should have been terminated in July 2016. *Id.* at 6-7. Thus, the appellant had been overpaid $11,808 in FERS annuity supplement benefits between July 2016 and March 2017, when his payments were not reduced for his excess earnings. *Id.* The appellant filed a Board appeal from OPM's final decision. IAF, Tab 1 at 4-6. He also asserted that OPM should have reinstated his annuity supplement after he stopped working in October 2016. *Id.* at 5.

On April 17, 2019, the parties entered into a settlement agreement resolving the appellant's overpayment appeal. IAF, Tab 12 at 3. Under the terms of the agreement, the parties agreed to a collection schedule spanning 42 months. *Id.* The appellant also agreed to withdraw his Board appeal. *Id.* Paragraph 3 of the agreement further provided that, "If [the appellant] is due any accrued annuity due to reinstatement of his annuity supplement, the accrued annuity will be applied to the overpayment." *Id.* The administrative judge found that the agreement was lawful on its face and freely reached, and the parties understood the terms of the agreement and agreed to have it enforced by the Board. IAF, Tab 13, Initial Decision (ID) at 2. Accordingly, she accepted the agreement

into the record for enforcement purposes and issued an initial decision dismissing the appeal as settled. *Id.* The initial decision became the final decision of the Board on May 30, 2019, when neither party filed a petition for review. *Id.*

The appellant subsequently filed a petition for enforcement seeking to enforce paragraph 3 of the agreement. *Semenza v. Office of Personnel Management*, MSPB Docket No. PH-0845-18-0448-C-1, Compliance File (CF), Tab 1 at 3-4. Specifically, he alleged that the agency had not reinstated his annuity supplement and applied it to the overpayment as required under the settlement agreement. *Id.* at 3. He requested that the administrative judge find that the agency violated the settlement agreement and award him costs, interests, and attorney fees. *Id.*

OPM responded by arguing that its obligations in paragraph 3 were conditioned on OPM's determination that the appellant was eligible for reinstatement of his annuity supplement. CF, Tab 3 at 4. Because it had not made a determination regarding reinstatement, OPM asserted it had complied with the agreement by collecting the overpayment consistent with the collection schedule set forth therein. *Id.* The appellant did not respond. The administrative judge issued a compliance initial decision that denied the appellant's petition for enforcement, concluding that the agency had complied with the terms of the settlement agreement. CF, Tab 6, Compliance Initial Decision (CID) at 1-2.

The appellant has filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency has submitted an untimely response in opposition to the compliance petition for review, and the appellant has replied.[2] CPFR File, Tabs 4, 7.

---

[2] Any response to a petition for review must be filed within 25 days of service of the petition for review. 5 C.F.R. § 1201.114(e). On November 23, 2020, the appellant filed his petition for review using the Board's e-Appeal system, and the agency, which is registered as an e-filer, is deemed to have received it the same day. PFR File, Tab 1 at 7; *see* 5 C.F.R. § 1201.14(m)(2) (stating that registered e-filers are deemed to have received documents on the date of electronic submission). Thus, any response was due by December 18, 2020, and the agency's December 21, 2020 response was 3 days late. CPFR File, Tab 4. The Clerk offered the agency an opportunity to show good cause for

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant reasserts on review that the agency breached the agreement because the agency failed to determine if the appellant is eligible for an annuity supplement and, if eligible, to apply any unpaid annuity to the overpayment as required by the settlement agreement. CPFR File, Tab 1 at 4-5. The administrative judge concluded that the agency complied with this provision of the agreement without an explanation or analysis. CID at 2. We disagree with his determination.

As the "'personnel and payroll office' for . . . retirees and survivors," OPM has primary responsibility for administering FERS. Office of Personnel Management, Civil Service Retirement System and Federal Employees Retirement System Handbook for Personnel and Payroll Offices (Handbook), chapter 1 § 1C2.1(A), (E), http://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/ (last visited June 27, 2024). OPM has broad authority to pay annuity benefits, adjudicate all claims, and issue regulations as necessary to do so. 5 U.S.C. § 8461(a)-(c), (g). The annuity supplement, such as the one at issue, is a benefit administered by OPM to qualifying FERS employees who retire before the age of 62. 5 U.S.C. §§ 8421(a), 8461(a); 5 C.F.R. § 842.503(a)-(b); Handbook, chapter 51 § 51A1.1-1(A). It provides income equal to the Social Security old-age benefit a retiree will receive once eligible. 5 U.S.C. § 8421(B)(2). A retiree remains eligible for the annuity supplement until eligible for the

the delayed filing. CPFR File, Tab 5. The agency responded, stating that it was operating with limited resources due to the coronavirus pandemic, and the agency representative was on annual leave from December 14-18, 2020. CPFR File, Tab 6. However, the agency had 21 days between the date of service of the petition for review and the start of the agency representative's annual leave to file its response or request an extension of time to file. Further, although the agency indicated that transfer of its retirement file was delayed, apparently due to the pandemic, it did not indicate the length of the delay. *Id.* at 6. Thus, we find that the agency has not shown good cause for its untimeliness. *See Wojcicki v. Department of the Air Force*, 72 M.S.P.R. 628, 632 n.1 (1996) (declining to excuse an agency's 1-day delay in filing its response to a petition for review, allegedly due in part to the press of other work). Nonetheless, we have considered the agency's response and find that it does not affect our decision.

old-age Social Security benefit or age 62, whichever occurs first. 5 C.F.R. § 842.503(c).

OPM will reduce or eliminate the supplement if a retiree earns above a certain minimal level in the prior year. 5 C.F.R. § 842.505(a); Handbook, chapter 51 § 51A3.1-1(C). For this reason, OPM requires retirees receiving the annuity supplement to report earnings annually. 5 C.F.R. § 842.505(c); Handbook, chapter 51 § 51A4.1-1(B). Under its regulations, OPM has authority to determine if an annuitant is eligible to have his annuity supplement reinstated. *See* 5 C.F.R. § 842.505(d) (providing that OPM can suspend the payment of the supplement until the annuitant establishes to its satisfaction that he continues to be eligible for the supplement). While OPM can reinstate the appellant's annuity supplement, the appellant is without authority to do so. *See id.*

Here, the appellant asserts that the agency breached the agreement by failing to determine his eligibility for reinstatement. CPFR File, Tab 1 at 4. We agree. The Board has authority to enforce a settlement agreement that, like the one at issue here, has been entered into the record in the same manner as any final Board decision or order. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 5 (2012). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.*

Paragraph 3 of the settlement agreement states, "If Mr. Semenza is due any accrued annuity due to his reinstatement of his annuity supplement, this accrued annuity will be applied to the overpayment." CF, Tab 1 at 4. The agency concedes that it has not determined the appellant's eligibility for reinstatement of his annuity supplement. CF, Tab 3 at 4. The agency submitted no evidence to explain or resolve the appellant's eligibility and has not alleged that the appellant failed to provide it with information it needs to make such a determination, such as information regarding his annual earnings. *Id.* It also did not indicate

whether, or when, it might make such a determination. *Id.* Essentially, the agency argued that there had been no breach because it had taken no action.

It is well-settled that implicit in any settlement agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Hernandez v. Department of Defense*, 115 M.S.P.R. 445, ¶ 11 (2010), *aff'd per curiam*, 451 F. App'x 956 (Fed. Cir. 2012). OPM acknowledged that paragraph 3 of the settlement agreement is a condition contingent upon the appellant's eligibility for reinstatement of his annuity supplement. CF, Tab 3 at 4. As the agency with the exclusive authority to make a determination regarding reinstatement, it has an obligation to act under the agreement. *See* 5 C.F.R. § 842.505(d).

In *Williams v. U.S. Postal Service*, 95 M.S.P.R. 145, ¶¶ 2-3 (2003), an appellant and his employing agency entered into an agreement to hold his demotion in abeyance pending OPM's processing of his disability retirement application. According to the appellant, the agency subsequently failed to forward medical documentation regarding his disability retirement application to OPM, and his application was denied because he was unable to prove his inability to continue in his position. *Id.*, ¶¶ 4, 8. The Board remanded the appellant's petition for enforcement for a determination of whether the employing agency breached the implicit covenant of good faith when it failed to forward the appellant's medical documentation. *Id.*, ¶¶ 8-9.

Similarly, we find that OPM's failure to make a determination of the appellant's eligibility for reinstatement is a breach of the settlement agreement in bad faith. Paragraph 3 of the agreement provides that if the appellant is eligible to have his annuity supplement reinstated, the agency must calculate the amount owed and apply it to the overpayment. However, only the agency can make this determination. Therefore, the agency cannot avoid its contractual duty to apply the appellant's accrued annuity to his overpayment by failing or refusing to make an eligibility determination as to the reinstatement of his annuity supplement.

Previously, OPM advised the appellant to submit an income survey to determine his eligibility for reinstatement of his supplemental annuity. IAF, Tab 5 at 11-12. He alleged below that he never received the survey. IAF, Tab 8 at 15. On review, he claims he has been unable to reach anyone at OPM. CPFR File, Tab 1 at 4-5. Because OPM has not provided evidence regarding its attempts to determine the appellant's eligibility for reinstatement of the annuity supplement, we find the agency not to be in compliance with the terms of the settlement agreement and reverse the compliance initial decision.[3]

Because we have found OPM in noncompliance, it is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to MSPB's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the

---

[3] An appellant is not required to show that the agency's breach caused him actual harm or monetary loss. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 11 (2014); *Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶ 11 (1998). Further, the possibility exists that the appellant may be entitled to meaningful relief in the form of retroactive reinstatement of his annuity supplement. *See Burke*, 121 M.S.P.R. 299, ¶ 13 (finding a petition for enforcement moot regarding a matter on which the Board could no longer provide meaningful relief). Therefore, although the appellant is now over 62 years of age and, according to the record, he would have finished repaying the $11,808.00 annuity overpayment around October 2022, IAF, Tab 5 at 34; CF, Tab 1 at 4; CPFR File, Tab 7 at 4, we find it appropriate to order compliance in this matter.

compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

## ORDER

We ORDER the OPM to submit to the Clerk of the Board within 45 days of the date of this decision satisfactory evidence of compliance with this decision. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. OPM's submission must include proof that it properly determined if the appellant was eligible to have his annuity supplement reinstated, and if eligible, to recalculate the amount of accrued annuity owed to the appellant. OPM must also apply any accrued annuity owed to the overpayment. We ORDER the appellant to cooperate in good faith in OPM's efforts to calculate the amount of accrued annuity due, and to provide all necessary information the agency requests to help it carry out the Board's Order. OPM must serve all parties with copies of its submission.

**The Board will assign a new docket number to this matter, PH-0845-18-0448-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

The appellant may respond to OPM's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to OPM's evidence of compliance, the

Board may assume that he is satisfied with OPM's actions and dismiss the petition for enforcement.

OPM is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and OPM's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. 7703(a)(1). Upon final resolution of the remaining issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.